IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HOFFMANN-LA ROCHE, INC.,            )
CHUGAI PHARMACEUTICAL CO. LTD.,     )
AND GENENTECH, INC.,                )
                                    )
                                    )   C.A. No. 20-_____
            Plaintiffs,             )
                                    )
        v.                          )
                                    )
FRESENIUS KABI USA, LLC,            )
FRESENIUS KABI ONCOLOGY,            )
LIMITED, AND                        )
FRESENIUS SE & CO. KGAA,            )
                                    )
            Defendants.             )

## COMPLAINT FOR PATENT INFRINGEMENT

Hoffmann-La Roche, Inc. ("Roche"), Chugai Pharmaceutical Co. Ltd. ("Chugai"),

and Genentech, Inc. ("Genentech") (collectively "Plaintiffs"), for their Complaint against

Defendants Fresenius Kabi USA, LLC ("Fresenius Kabi LLC"), Fresenius Kabi Oncology

Limited ("Fresenius Kabi Oncology"), and Fresenius SE & Co. KGaA ("Fresenius KGaA")

(collectively "Defendants"), allege as follows:

### I.    THE PARTIES

1.    Plaintiff Roche is a New Jersey corporation with a principal place of

business at 150 Clove Road, Suite 8, Little Falls, New Jersey 07424, United States.  Roche is a

pharmaceutical company that researches, develops, and manufactures drugs to address unmet

medical needs.  Roche helped develop and obtained approval to market ALECENSA®

(alectinib) from the U.S. Food and Drug Administration ("FDA").

2.      Plaintiff Chugai is a Japanese corporation with a principal place of business address at 5-chome-5-1 Ukima, Kita-Ku, Tokyo 115-8543, Japan.  Chugai is a pharmaceutical company that focuses on the research, development, manufacturing, sale, importation, and exportation of pharmaceuticals.  Chugai is the owner of all rights, title, and interest in U.S. Patent Nos. 9,126,931 ("the '931 patent"), 9,440,922 ("the '922 patent"), 9,365,514 ("the '514 patent"), and 10,350,214 ("the '214 patent").

3.      Plaintiff Genentech is a corporation organized under the laws of Delaware with a principal place of business at 1 DNA Way, San Francisco, California, 94080, United States.  Genentech is a biotechnology company that develops, manufactures, and commercializes medicines to treat patients with serious and life-threatening medical conditions.  Genentech holds the exclusive right to sell, distribute, and market ALECENSA® in the United States.

4.      On information and belief, Fresenius Kabi LLC is a Delaware corporation, with a principal place of business at Three Corporate Drive, Lake Zurich, Illinois 60047.

5.      On information and belief, Defendant Fresenius Kabi Oncology is a corporation organized and existing under the laws of India, with a principal place of business at Echelon Institutional Area , Plot No.11, Sector – 32, Gurgaon, Haryana, 122001, India.

6.      On information and belief, Fresenius KGaA is a corporation organized under the laws of Germany, with its principal place of business at Else-Kröner-Straße 1, 61352 Bad Homburg, Germany.

7.      On information and belief, Fresenius KGaA is the ultimate parent of Fresenius Kabi LLC and Fresenius Kabi Oncology.

8.      On information and belief, Fresenius Kabi LLC, Fresenius KGaA, and Fresenius Kabi Oncology collaborate with respect to the development, regulatory approval,

marketing, sale, and/or distribution of pharmaceutical products. On information and belief, Fresenius Kabi LLC, Fresenius KGaA, and Fresenius Kabi Oncology are agents of one another and/or operate in concert as integrated parts of the same business group.

9. On information and belief, Fresenius Kabi LLC, in collaboration with Fresenius Kabi Oncology, and Fresenius KGaA, manufactures and distributes generic pharmaceutical products for sale in the State of Delaware and throughout the United States.

## II. NATURE OF THE ACTION

10. This is an action arising under the patent laws of the United States (Title 35, U.S. Code, §§ 100, *et seq.*) based upon Defendants' infringement of one or more claims of Chugai's '931, '922, '514, and '214 patents, which relate to the active ingredient in, or formulation of, ALECENSA® (alectinib).

11. The active ingredient in ALECENSA® is alectinib. The hydrochloride salt, as set forth in the FDA-approved Prescribing Information for ALECENSA® (the "ALECENSA® Label"), "is described chemically as 9-ethyl-6,6-dimethyl-8-[4-(morpholin-4-yl)piperidin-1-yl]-11-oxo-6,11-dihydro-*5H*-benzo[*b*]carbazole-3-carbonitrile hydrochloride" and has the molecular formula $C_{30}H_{34}N_4O_2 \cdot HCl$. The free base form of alectinib is 9-ethyl-6,6-dimethyl-8-[4-(morpholin-4-yl)piperidin-1-yl]-11-oxo-6,11-dihydro-5*H*-benzo[*b*]carbazole-3-carbonitrile and has the molecular formula $C_{30}H_{34}N_4O_2$. As set forth in the ALECENSA® Label, the "molecular weight is 482.62 g/mol (free base form) and 519.08 g/mol (hydrochloride salt)."

12. Roche is the holder of New Drug Application ("NDA") No. 208,434 for ALECENSA® (alectinib) capsules, 150 mg (equivalent to 161.33 mg of the HCl salt), for oral use, which was approved by the FDA on December 11, 2015 for the treatment of patients with anaplastic lymphoma kinase ("ALK")-positive metastatic non-small cell lung cancer ("NSCLC")

3

who have progressed on or are intolerant to crizotinib (Xalkori®), a medicine sold by non-party Pfizer. On November 6, 2017, FDA approved ALECENSA® for the treatment of patients with ALK-positive metastatic NSCLC as detected by an FDA-approved test.

13. The '931, '922, and '514 patents are listed in FDA's *Approved Drug Products with Therapeutic Equivalence Evaluations* (commonly known as the "Orange Book") in connection with ALECENSA® (alectinib) and the related NDA. The '931, '922, and '514 patents were listed in the Orange Book prior to January 2017. Plaintiffs submitted FDA Form 3542 to FDA to list the '214 patent in the Orange Book and will take all necessary steps to secure its listing. On information and belief, the '214 patent will be listed in the Orange Book for ALECENSA®.

14. On information and belief, Fresenius Kabi LLC, in concert with Fresenius KGaA, and Fresenius Kabi Oncology, filed Abbreviated New Drug Application No. 213166 (the "Fresenius ANDA") under § 505(j) of the Federal Food, Drug, and Cosmetic Act (the "FFDCA"), seeking approval to commercially manufacture, use and/or sell generic 150 mg strength alectinib capsules ("Fresenius's ANDA Product").

15. On information and belief, Fresenius Kabi Oncology holds Drug Master File No. 32461 (the "Fresenius DMF") for Defendants' alectinib that is and will be in Fresenius's ANDA Product. DMFs are submissions to FDA used to provide confidential, detailed information about facilities, processes, or articles used in the manufacturing, processing, packaging, and storing of human drug products.

16. On information and belief, Fresenius Kabi LLC, Fresenius KGaA, and Fresenius Kabi Oncology acted collaboratively and in concert in the preparation and submission

of the Fresenius ANDA and the Fresenius DMF and continue to act collaboratively in pursuing FDA approval of the Fresenius ANDA and seeking to market Fresenius's ANDA Product.

17.    On information and belief, Fresenius Kabi LLC, Fresenius KGaA, and Fresenius Kabi Oncology rely on material assistance from each other to manufacture, market, distribute, offer for sale, and/or sell generic drugs in the U.S. market, including in the State of Delaware.  On information and belief, Fresenius Kabi LLC, Fresenius KGaA, and Fresenius Kabi Oncology intend to act collaboratively to commercially manufacture, market, distribute, offer for sale, and/or sell Fresenius's ANDA Product, in the event FDA approves the Fresenius ANDA.

18.    On information and belief, Fresenius Kabi LLC, in concert with Fresenius KGaA, and Fresenius Kabi Oncology, made and included in the Fresenius ANDA a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certification") that, in its opinion and to the best of its knowledge, the '931, '514, and '922 patents are invalid, unenforceable, and/or will not be infringed by Fresenius's ANDA Product.

19.    Plaintiffs received written notice of the Fresenius ANDA and Paragraph IV Certification as to the '931,'514, and'922 patents on or around February 5, 2020 ("Notice Letter"), along with an enclosed statement of alleged factual and legal bases for stating that the '931,'514, and '922 patents are invalid, unenforceable, and/or will not be infringed by Fresenius's ANDA Product (the "Detailed Statement").

20.    The Detailed Statement does not allege or provide any factual bases to assert non-infringement of claims 1–4 and 15 of the '931 patent, claims 1–8, and 20 of the '922 patent, or any of the claims of the '514 patent.  The Detailed Statement also does not allege or provide any factual bases to assert that the '931, '922, or '514 patents are unenforceable.

21.     This action is being commenced within 45 days of receipt of the Notice Letter.

22.     Defendants have infringed or will infringe one or more claims of the '931, '514, '922, and '214 patents under 35 U.S.C. § 271(e)(2)(A) by virtue of filing the Fresenius ANDA, including any amendments or supplements thereof, seeking approval to commercially manufacture, use, offer for sale, sell, distribute in, or import into the United States Fresenius's ANDA Product prior to the expiration of the '931, '514, '922, and '214 patents or any extensions thereof.

23.     Defendants will infringe one or more claims of the '931, '514, '922, and '214 patents under 35 U.S.C. § 271(a), (b), (c) or (g) should they engage in the commercial manufacture, use, offer for sale, sale, distribution in, or importation into the United States of Fresenius's ANDA Product prior to the expiration of the '931, '514, '922, and '214 patents or any extensions thereof.

### III.    JURISDICTION

24.     This action arises under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*, and this Court has subject matter jurisdiction over Plaintiffs' patent infringement claims under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

25.     This Court has personal jurisdiction over Fresenius Kabi LLC because, on information and belief, it is organized under the laws of the State of Delaware and because it is registered to conduct business within the State of Delaware (File No. 4373141).  *See* https://icis.corp.delaware.gov/Ecorp/EntitySearch/NameSearch.aspx (accessed on March 10, 2020).  On information and belief, Fresenius Kabi LLC maintains as a registered agent for service of process Corporation Service Company with an address at 251 Little Falls Drive, Wilmington, New Castle, Delaware 19808.

26.     This Court has personal jurisdiction over Fresenius Kabi Oncology under Fed. R. Civ. P. 4(k) because, on information and belief, Fresenius Kabi Oncology is organized under the laws of India and because, on information and belief, Fresenius Kabi Oncology maintains continuous and systematic contacts with Delaware through its United States affiliate Fresenius Kabi LLC, which is organized under the laws of the State of Delaware.  This Court also has personal jurisdiction over Fresenius Kabi Oncology because at least one of the provisions under Del. Code Ann. tit. 10, § 3104, is satisfied.  On information and belief, Fresenius Kabi Oncology "[t]ransacts any business or performs any character of work or service in the State," § 3104(c)(1), "[c]ontracts to supply services or things in this State," § 3104(c)(2), "[c]auses tortious injury in the State by an act or omission in this State," § 3104(c)(3), and "[c]auses tortious injury in the State or outside of the State by an act or omission outside the State" while "regularly do[ing] or solicit[ing] business, engag[ing] in any other persistent course of conduct in the State or deriv[ing] substantial revenue from services, or things used or consumed in the State," § 3104(c)(4).

27.     This Court has personal jurisdiction over Fresenius KGaA under Fed. R. Civ. P. 4(k) because, on information and belief, Fresenius KGaA is organized under the laws of Germany and because, on information and belief, Fresenius KGaA maintains continuous and systematic contacts with Delaware through its United States subsidiary Fresenius Kabi LLC, which is organized under the laws of the State of Delaware.  This Court also has personal jurisdiction over Fresenius KGaA because at least one of the provisions under Del. Code Ann. tit. 10, § 3104, is satisfied.  On information and belief, Fresenius KGaA "[t]ransacts any business or performs any character of work or service in the State," § 3104(c)(1), "[c]ontracts to supply services or things in this State," § 3104(c)(2), "[c]auses tortious injury in the State by an act or

omission in this State," § 3104(c)(3), and "[c]auses tortious injury in the State or outside of the State by an act or omission outside the State" while "regularly do[ing] or solicit[ing] business, engag[ing] in any other persistent course of conduct in the State or deriv[ing] substantial revenue from services, or things used or consumed in the State," § 3104(c)(4).

28.     This Court also has personal jurisdiction over each Defendant because this suit arises out of and relates to their activities that are, and will be, directed to Delaware. On information and belief, following any FDA approval of the Fresenius ANDA, Defendants will market and sell Fresenius's ANDA Product that is subject of the infringement claims in this action in the State of Delaware and throughout the United States, including in this Judicial District.

29.     On information and belief, Defendants, directly and through their subsidiaries, affiliates, or agents, are in the business of manufacturing generic pharmaceuticals that they distribute or have distributed in the State of Delaware and throughout the United States.

30.     On information and belief, Fresenius Kabi LLC, acting in concert with Fresenius KGaA and Fresenius Kabi Oncology, prepared and filed the Fresenius ANDA with the intention of seeking to market Fresenius's ANDA Product nationwide, including within this Judicial District.

31.     On information and belief, Defendants plan to market and sell Fresenius's ANDA Product that is the subject of the infringement claims in this action in the State of Delaware, and throughout the United States, including within this Judicial District, list Fresenius's ANDA Product on the State of Delaware's prescription drug formulary, and seek Medicaid reimbursement for sales of Fresenius's ANDA Product in the State of Delaware, either directly or through one or more of Defendants' subsidiaries, agents, and/or alter egos.

32. Defendants, acting in concert, have committed, or aided, abetted, contributed to, and/or participated in the commission of acts of patent infringement that will lead to foreseeable harm and injury to the Plaintiffs, who developed, obtained FDA-approval for, manufactured and/or distributed ALECENSA® for sale and use throughout the United States, including in this Judicial District. Plaintiffs include Genentech, which is a Delaware corporation.

33. On information and belief, Defendants know and intend that, if approved, Fresenius's ANDA Product will be distributed and sold in Delaware and will thereby displace sales of ALECENSA®, causing injury to the Plaintiffs. On information and belief, Defendants intend to take advantage of their established channels of distribution in Delaware for the sale of Fresenius's ANDA Product.

34. This Court also has personal jurisdiction over all Defendants by virtue of, *inter alia*, their activities that were purposefully directed to the State of Delaware. On information and belief, Fresenius Kabi LLC, in concert with Fresenius KGaA, and Fresenius Kabi Oncology, filed the Fresenius ANDA seeking approval to market Fresenius's ANDA Product prior to the expiration of the '931, '514, '922, and '214 patents along with a Paragraph IV Certification regarding the '931, '514 and '922 patents and sending its Notice Letter to Genentech, which is incorporated in Delaware. Thus, the consequences of Defendants' actions were (and will be) suffered in Delaware, as Defendants knew or should have known.

35. This Court also has personal jurisdiction over Defendants because their contacts within this Judicial District are continuous and systematic. On information and belief, Fresenius Kabi LLC, in collaboration with Fresenius KGaA and Fresenius Kabi Oncology, develops, manufactures, seeks approval for, and sells FDA-approved generic pharmaceutical drugs that are regularly marketed, distributed, and sold in Delaware and throughout the United

States.  Thus, on information and belief, Defendants do substantial business in Delaware, derive substantial revenue from Delaware, and engage in other persistent courses of conduct in Delaware.  These continuous and systematic contacts, including, but not limited to, those described above and below, are more than sufficient for this Court to exercise personal jurisdiction over Defendants.

36.    Furthermore, on information and belief, Fresenius Kabi LLC and Fresenius Kabi Oncology have admitted, consented to, or declined to contest the jurisdiction of this Court and/or have availed themselves of the rights, benefits, and privileges of this Court by asserting claims and counterclaims in prior District of Delaware actions.  *See, e.g.*, *Pharmacyclics LLC* v. *Fresenius Kabi USA, LLC*, C.A. No. 18-192-CFC, D.I. 80, 95 (D. Del. Jan. 28, 2019); *Acrotech Biopharma, LLC* v. *Fresenius Kabi USA, LLC*, C.A. No. 18-1533-CFC, D.I. 14, 15 (D. Del. Oct. 3, 2018); *Onyx Therapeutics, Inc.* v. *Fresenius Kabi USA, LLC*, C.A. No. 16-1012-LPS, D.I. 19 (D. Del. Jan. 6, 2017); *Teva Pharm. Int'l GmbH* v. *Fresenius Kabi USA, LLC*, C.A. No. 17-1201-GMS, D.I. 10 (D. Del. Sept. 15, 2017); *Astellas Pharma Inc.* v. *Fresenius Kabi USA, LLC*, C.A. No. 15- 080-LPS, D.I. 7 (D. Del. Feb. 13, 2015).

### IV.    VENUE

37.    Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) and (c) and § 1400(b) because Fresenius Kabi LLC is incorporated, and thus resides, in the State of Delaware, and Fresenius Kabi Oncology and Fresenius KGaA are incorporated in India, and Germany respectively, and may be sued in any judicial district in the United States in which Fresenius Kabi Oncology and Fresenius KGaA are subject to the Court's personal jurisdiction.

### V.    THE PATENTS-IN-SUIT

### (U.S. PATENT NO. 9,126,931)

38.    The allegations above are incorporated herein by reference.

39. Chugai is the owner of all rights, title, and interest in the '931 patent, entitled "Tetracyclic Compound." The USPTO duly and legally issued the '931 patent on September 8, 2015. The '931 patent names Kazutomo Kinoshita, Kohsuke Asoh, Noriyuki Furuichi, Toshiya Ito, Hatsuo Kawada, Nobuya Ishii, Hiroshi Sakamoto, WooSang Hong, MinJeong Park, Yoshiyuki Ono, Yasuharu Kato, Kenji Morikami, Takashi Emura, Nobuhiro Oikawa as inventors. All named inventors assigned the '931 patent to Chugai. A true and correct copy of the '931 patent is attached to this Complaint as Exhibit 1.

40. The '931 patent claims, among other things, the free base of alectinib, or a salt or solvate thereof. As an example, claim 15 of the '931 patent claims "[a] compound or salt or solvate as claimed in claim 1 of 9-ethyl-6,6-dimethyl-8-(4-morpholin-4-yl-piperidin-1-yl)-11-oxo-6,11-dihydro-5H-benzo[b]carbazole-3-carbonitrile," which is the free base of alectinib.

### (U.S. PATENT NO. 9,440,922)

41. The allegations above are incorporated herein by reference.

42. Chugai is the owner of all rights, title, and interest in the '922 patent, entitled "Tetracyclic Compound." The USPTO duly and legally issued the '922 patent on September 13, 2016. The '922 patent names Kazutomo Kinoshita, Kohsuke Asoh, Noriyuki Furuichi, Toshiya Ito, Hatsuo Kawada, Nobuya Ishii, Hiroshi Sakamoto, WooSang Hong, MinJeong Park, Yoshiyuki Ono, Yasuharu Kato, Kenji Morikami, Takashi Emura, Nobuhiro Oikawa as inventors. All named inventors assigned the '922 patent to Chugai. A true and correct copy of the '922 patent is attached to this Complaint as Exhibit 2.

43. The '922 patent claims, among other things, a pharmaceutical for the treatment of, for example, lung cancer, comprising the free base of alectinib, or a salt or solvate thereof, and a pharmaceutically acceptable carrier. As an example, claim 20 of the '922 patent

11

claims "[t]he pharmaceutical of claim 1, wherein the compound represented by Formula (I) is 9-ethyl-6,6-dimethyl-8-(4-morpholin-4-yl-piperidin-1-yl)-11-oxo-6,11-dihydro-5H-benzo[b]carbazole-3-carbonitrile," which is the free base of alectinib.  Claim 8 of the '922 patent claims "[t]he pharmaceutical of claim 7, wherein the cancer is selected from the group consisting of lung cancer . . . ."

### (U.S. PATENT NO. 9,365,514)

44.    The allegations above are incorporated herein by reference.

45.    Chugai is the owner of all rights, title, and interest in the '514 patent, entitled "Composition Comprising Tetracyclic Compound."  The USPTO duly and legally issued the '514 patent on June 14, 2016.  The '514 patent names Kentaro Furumoto, Koji Shiraki, Tomoaki Hirayama as inventors.  All named inventors assigned the '514 patent to Chugai.  A true and correct copy of the '514 patent is attached to this Complaint as Exhibit 3.

46.    The '514 patent claims, among other things, an orally administrable composition comprising the free base of alectinib or a salt thereof, sodium lauryl sulfate as a dissolution aid, and optionally an organic polymer such as hydroxypropyl cellulose.  As an example, claim 1 of the '514 patent claims "[a] composition comprising a substance which is 9-Ethyl-6,6-dimethyl-8-(4-morpholin-4-yl-piperidin-1-yl)-11-oxo-6,11-dihydro-5H-benzo[b]carbazole-3-carbonitrile or a salt thereof, a pharmaceutically acceptable carrier, and a dissolution aid, wherein the dissolution aid is sodium lauryl sulfate."  Claim 2 of the '514 patent claims "orally administrable formulation comprising the composition described in claim 1."  Claim 3 of the '514 patent claims "wherein the composition further comprises an organic polymer which is selected from a group consisting of hydroxypropyl cellulose . . . ."

**(U.S. PATENT NO. 10,350,214)**

47.     The allegations above are incorporated herein by reference.

48.     Chugai is the owner of all rights, title, and interest in the '214 patent, entitled "Preparation containing tetracyclic compound at high dose."  The USPTO duly and legally issued the '214 patent on July 16, 2019.  The '214 patent names Takashi Tomimatsu, Kensuke Okazaki, Yumi Ogawa, Takahiro Yamamura as inventors.  All named inventors assigned the '214 patent to Chugai.  A true and correct copy of the '214 patent is attached to this Complaint as Exhibit 4.

49.     The '214 patent claims, among other things, a pharmaceutical formulation comprising 140 mg to 190 mg of the free base of alectinib or a salt thereof, carmellose calcium as a disintegrating agent, and optionally a solubilizing agent such as sodium lauryl sulfate or a binder such as hydroxypropylcellulose.  For example, claim 1 of the '214 patent claims "[a] pharmaceutical formulation comprising (i) a granule containing a compound represented by formula (I)

[*i.e.*, the free base of alectinib] or a salt thereof and (ii) carmellose calcium as a disintegrating agent, wherein the compound represented by formula (I) or a salt thereof is contained in an amount of 140 mg to 190 mg in terms of the free form per unit formulation."  Claim 5 of the '214 patent claims "[t]he formulation according to claim 1, wherein the granule contains a solubilizing agent therein" and claim 6 claims the formulation of claim 5 "wherein the

13

solubilizing agent is sodium lauryl sulfate."   Claim 10 of the '214 patent claims "[t]he formulation according to claim 1, wherein the granule contains a binder therein" and claim 11 claims the formulation of claim 10, "wherein the binder is hydroxypropylcellulose."

## VI.   COUNT I
### (INFRINGEMENT OF THE '931 PATENT)

50.   The allegations above are incorporated herein by reference.

51.   Fresenius Kabi LLC, in concert with Fresenius KGaA and Fresenius Kabi Oncology, filed the Fresenius ANDA under § 505(j) of the FFDCA to obtain approval to commercially manufacture, use, offer to sell, and sell Fresenius's ANDA Product, before the expiration of the '931 patent and any extensions thereof.

52.   The Notice Letter states that the Fresenius ANDA was filed to obtain approval to manufacture, use, or sell Fresenius's ANDA Product before the expiration of the '931 patent.   The Notice Letter represents that the Fresenius ANDA was submitted with a Paragraph IV Certification that the '931 patent purportedly is invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of Fresenius's ANDA Product.   The Notice Letter does not allege noninfringement of claim 15 of the '931 patent.

53.   Defendants have actual knowledge of the '931 patent.

54.   The ALECENSA® Label states that "ALECENSA (alectinib) is a kinase inhibitor for oral administration."   The hydrochloride salt, as set forth in the ALECENSA® Label, "is described chemically as 9-ethyl-6, 6-dimethyl-8-[4-(morpholin-4-yl)piperidin-1-yl]-11-oxo-6, 11-dihydro-5$H$-benzo[$b$]carbazole-3-carbonitrile hydrochloride" and has the molecular formula $C_{30}H_{34}N_4O_2 \cdot HCl$.   The free base form of alectinib is 9-ethyl-6,6-dimethyl-8-[4-(morpholin-4-yl)piperidin-1-yl]-11-oxo-6,11-dihydro-5$H$-benzo[$b$]carbazole-3-carbonitrile   and has the molecular formula $C_{30}H_{34}N_4O_2$.   As set forth in the ALECENSA® Label, the "molecular

weight is 482.62 g/mol (free base form) and 519.08 g/mol (hydrochloride salt)."  The chemical structure of the hydrochloride salt is shown below:

.

55.    The active ingredient in ALECENSA®, alectinib, as a free base or salt thereof, is claimed, among other things, in at least claim 15 of the '931 patent.

56.    Thus, ALECENSA® and any generic alectinib are covered by claim 15 of the '931 patent, and Plaintiffs have the right to enforce the '931 patent and sue for infringement thereof.

57.    The '931 patent is listed in the Orange Book for ALECENSA®.

58.    On information and belief, if the Fresenius ANDA is approved, Defendants will make, use, offer for sale, sell, or import Fresenius's ANDA Product in a manner that would infringe claim 15 of the '931 patent.

59.    On information and belief, the Fresenius ANDA essentially copies the ALECENSA® Label as required by the FDA, *see* 21 C.F.R. § 314.94(a)(iv), and therefore instructs, recommends, encourages, promotes, and/or suggests that physicians infringe claim 15 of the '931 patent.

60.    On information and belief, if the Fresenius ANDA is approved, prescribers and patients will follow the instructions in the proposed label for Fresenius's ANDA Product and thereby infringe claim 15 of the '931 patent.

61.     ALECENSA® and any generic alectinib formulation is not a staple article of commerce, and has no substantial uses that do not infringe claim 15 of the '931 patent.  On information and belief, Fresenius's ANDA Product is not a staple article of commerce, and has no substantial uses that do not infringe claim 15 of the '931 patent.

62.     Defendants have infringed claim 15 of the '931 patent under 35 U.S.C. § 271(e)(2)(A) by virtue of their submission of the Fresenius ANDA to FDA seeking to obtain approval for Fresenius's ANDA Product, which is covered by claim 15 of the '931 patent, prior to the expiration of the '931 patent.

63.     The commercial manufacture, use, offer to sell, sale, distribution, or importation of products under the Fresenius ANDA would infringe directly or contribute to or induce the infringement of claim 15 of the '931 patent under 35 U.S.C. § 271(a), (b), and/or (c).

64.     Plaintiffs seek entry of an order requiring that Defendants amend their Paragraph IV Certification in the Fresenius ANDA to a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(III) ("Paragraph III Certification") as provided in 21 C.F.R. § 314.94(a)(12)(viii)(A).

65.     Plaintiffs seek entry of an order declaring that Defendants have infringed claim 15 of the '931 patent by virtue of submitting the Fresenius ANDA pursuant to 35 U.S.C. § 271(e)(2)(A).

66.     Plaintiffs seek entry of an order pursuant to 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of any FDA approval of the Fresenius ANDA be a date that is not earlier than the expiration of the '931 patent or any later expiration of exclusivity for the '931 patent to which Plaintiffs become entitled.

67.     Plaintiffs seek entry of an order declaring that Defendants will infringe claim 15 of the '931 patent by commercially manufacturing, using, offering to sell, selling, distributing, or importing Fresenius's ANDA Product prior to the expiration of the '931 patent under 35 U.S.C. § 271(a), (b), and/or (c).

68.     Plaintiffs will be irreparably harmed if Defendants are not enjoined from infringing or actively inducing or contributing to infringement of claim 15 of the '931 patent. Pursuant to 35 U.S.C. § 283, Plaintiffs are entitled to a permanent injunction against further infringement.  Plaintiffs do not have an adequate remedy at law.

69.     On information and belief, Defendants' Detailed Statement setting forth the factual and legal bases for their opinion regarding the invalidity of the '931 patent is devoid of an objective good faith basis in either the facts or the law (Defendants' Detailed Statement did not set forth any factual or legal bases regarding unenforceability or noninfringement of claim 15 of the '931 patent).  This case is exceptional and Plaintiffs are entitled to attorneys' fees pursuant to 35 U.S.C. § 285.

70.     To the extent Defendants commercialize Fresenius's ANDA Product prior to the expiration of the '931 patent, Plaintiffs will also be entitled to damages under 35 U.S.C. § 284.

## VII.     COUNT II
### (INFRINGEMENT OF THE '922 PATENT)

71.     The allegations above are incorporated herein by reference.

72.     Fresenius Kabi LLC, in concert with Fresenius KGaA, and Fresenius Kabi Oncology, filed the Fresenius ANDA under § 505(j) of the FFDCA to obtain approval to commercially manufacture, use, offer to sell, and sell Fresenius's ANDA Product before the expiration of the '922 patent and any extensions thereof.

73.     The Notice Letter states that the Fresenius ANDA was filed to obtain approval to manufacture, use or sell Fresenius's ANDA Product before the expiration of the '922 patent.  The Notice Letter represents that the Fresenius ANDA was submitted with a Paragraph IV Certification that the '922 patent purportedly is invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of Fresenius's ANDA Product.  The Notice Letter does not allege noninfringement of claims 8 and 20 of the '922 patent.

74.     Defendants have actual knowledge of the '922 patent.

75.     The ALECENSA® Label states that "ALECENSA is supplied as hard capsules containing 150 mg of alectinib (equivalent to 161.33 mg alectinib HCl) and the following inactive ingredients: lactose monohydrate, hydroxypropylcellulose, sodium lauryl sulfate, magnesium stearate, and carboxymethylcellulose calcium."

76.     The ALECENSA® Label further states that "ALECENSA (alectinib) is a kinase inhibitor for oral administration." The hydrochloride salt, as set forth in the ALECENSA® Label, "is described chemically as 9-ethyl-6,6-dimethyl-8-[4-(morpholin-4-yl)piperidin-1-yl]-11-oxo-6,11-dihydro-5*H*-benzo[*b*]carbazole-3-carbonitrile hydrochloride" and has the molecular formula $C_{30}H_{34}N_4O_2 \cdot HCl$.  The free base form of alectinib is 9-ethyl-6,6-dimethyl-8-[4-(morpholin-4-yl)piperidin-1-yl]-11-oxo-6,11-dihydro-5*H*-benzo[*b*]carbazole-3-carbonitrile and has the molecular formula $C_{30}H_{34}N_4O_2$.  As set forth in the ALECENSA® Label, the "molecular weight is 482.62 g/mol (free base form) and 519.08 g/mol (hydrochloride salt)."  The chemical structure of the hydrochloride salt is shown below:

77.     The ALECENSA® Label instructs physicians that "ALECENSA is a kinase inhibitor indicated for the treatment of patients with anaplastic lymphoma kinase (ALK)-positive metastatic non-small cell lung cancer (NSCLC) as detected by an FDA-approved test."

78.     A pharmaceutical for the treatment of lung cancer or lung cancer metastasis comprising the active ingredient of ALECENSA®, alectinib, as a free base or a salt thereof, and one or more pharmaceutically acceptable carriers, is claimed in, among other things, at least claims 8 and 20 of the '922 patent.

79.     Thus, the pharmaceutical ALECENSA® product and any generic alectinib pharmaceutical product for the treatment of patients with ALK-positive metastatic NSCLC is covered by claims 8 and 20 of the '922 patent, and Plaintiffs have the right to enforce the '922 patent and sue for infringement thereof.

80.     The '922 patent is listed in the Orange Book for ALECENSA®.

81.     On information and belief, if the Fresenius ANDA is approved, Defendants will make, use, offer for sale, sell, or import Fresenius's ANDA Product in a manner that would infringe claims 8 and 20 of the '922 patent.

82.     On information and belief, the Fresenius ANDA essentially copies the ALECENSA® Label as required by the FDA, *see* 21 C.F.R. § 314.94(a)(iv), and therefore

19

instructs, recommends, encourages, promotes, and/or suggests that physicians infringe claims 8 and 20 of the '922 patent.

83.     On information and belief, if the Fresenius ANDA is approved, prescribers and patients will follow the instructions in the proposed label for Fresenius's ANDA Product and administer Fresenius's ANDA Product in a manner that would infringe claims 8 and 20 of the '922 patent.

84.     ALECENSA® and any generic alectinib formulation is not a staple article of commerce, and has no substantial uses that do not infringe claims 8 and 20 of the '922 patent. On information and belief, Fresenius's ANDA Product is not a staple article of commerce, and has no substantial uses that do not infringe claims 8 and 20 of the '922 patent.

85.     Defendants have infringed claims 8 and 20 of the '922 patent under 35 U.S.C. § 271(e)(2)(A) by virtue of their submission of the Fresenius ANDA to FDA seeking to obtain approval for Fresenius's ANDA Product, which is covered by claims 8 and 20 of the '922 patent, prior to the expiration of the '922 patent.

86.     The commercial manufacture, use, offer to sell, sale, distribution, or importation of products under the Fresenius ANDA would infringe directly or contribute to or induce the infringement of claims 8 and 20 of the '922 patent under 35 U.S.C. § 271(a), (b), and/or (c).

87.     Plaintiffs seek entry of an order requiring that Defendants amend their Paragraph IV Certification in the Fresenius ANDA to Paragraph III Certification as provided in 21 C.F.R. § 314.94(a)(12)(viii)(A).

20

88.    Plaintiffs seek entry of an order declaring that Defendants have infringed claims 8 and 20 of the '922 patent by virtue of submitting the Fresenius ANDA pursuant to 35 U.S.C. § 271(e)(2)(A).

89.    Plaintiffs seek entry of an order pursuant to 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of any FDA approval of the Fresenius ANDA be a date that is not earlier than the expiration of the '922 patent or any later expiration of exclusivity for the '922 patent to which Plaintiffs become entitled.

90.    Plaintiffs seek entry of an order declaring that Defendants will infringe claims 8 and 20 of the '922 patent by commercially manufacturing, using, offering to sell, selling, distributing, or importing Fresenius's ANDA Product prior to the expiration of the '922 patent under 35 U.S.C. § 271(a), (b), and/or (c).

91.    Plaintiffs will be irreparably harmed if Defendants are not enjoined from infringing or actively inducing or contributing to infringement of claims 8 and 20 of the '922 patent.  Pursuant to 35 U.S.C. § 283, Plaintiffs are entitled to a permanent injunction against further infringement.  Plaintiffs do not have an adequate remedy at law.

92.    On information and belief, Defendants' Detailed Statement setting forth the factual and legal bases for their opinion regarding the invalidity of the '922 patent is devoid of an objective good faith basis in either the facts or the law (Defendants' Detailed Statement did not set forth any factual or legal bases regarding unenforceability or noninfringement of claims 8 or 20 of the '922 patent).  This case is exceptional and Plaintiffs are entitled to attorneys' fees pursuant to 35 U.S.C. § 285.

93.    To the extent Defendants commercialize Fresenius's ANDA Product, Plaintiffs will also be entitled to damages under 35 U.S.C. § 284.

## VIII.    COUNT III

## (INFRINGEMENT OF THE '514 PATENT)

94.    The allegations above are incorporated herein by reference.

95.    Fresenius Kabi LLC, in concert with Fresenius KGaA and Fresenius Kabi Oncology, filed the Fresenius ANDA under § 505(j) of the FFDCA to obtain approval to commercially manufacture, use, offer to sell, and sell Fresenius's ANDA Product before the expiration of the '514 patent and any extensions thereof.

96.    The Notice Letter states that the Fresenius ANDA was filed to obtain approval to manufacture, use, offer to sell, and sell Fresenius's ANDA Product before the expiration of the '514 patent.  The Notice Letter represents that Fresenius Kabi's ANDA was submitted with a Paragraph IV Certification that the '514 patent purportedly is invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of Fresenius's ANDA Product.  The Notice Letter does not allege noninfringement of any claims of the '514 patent.

97.    Defendants have actual knowledge of the '514 patent.

98.    The ALECENSA® Label explains that "ALECENSA is supplied as hard capsules containing 150 mg of alectinib (equivalent to 161.33 mg alectinib HCl) and the following inactive ingredients:  lactose monohydrate, hydroxypropylcellulose, sodium lauryl sulfate, magnesium stearate, and carboxymethylcellulose calcium."  Thus, the FDA-approved formulation of ALECENSA® contains sodium lauryl sulfate and hydroxypropylcellulose.

99.    The ALECENSA® Label further states that "ALECENSA (alectinib) is a kinase inhibitor for oral administration."  The hydrochloride salt, as set forth in the ALECENSA® Label, "is described chemically as 9-ethyl-6, 6-dimethyl-8-[4-(morpholin-4-yl)piperidin-1-yl]-11-oxo-6,1 1-dihydro-5*H*-benzo[*b*]carbazole-3-carbonitrile hydrochloride" and

has the molecular formula $C_{30}H_{34}N_4O_2 \cdot HCl$. The free base form of alectinib is 9-ethyl-6,6-dimethyl-8-[4-(morpholin-4-yl)piperidin-1-yl]-11-oxo-6,11-dihydro-5$H$-benzo[$b$]carbazole-3-carbonitrile and has the molecular formula $C_{30}H_{34}N_4O_2$. As set forth in the ALECENSA® Label, the "molecular weight is 482.62 g/mol (free base form) and 519.08 g/mol (hydrochloride salt)." The chemical structure of the hydrochloride salt is shown below:

.

100.    An orally administrable composition comprising, among other things, the active ingredient of ALECENSA®, alectinib, as a free base or a salt thereof, sodium lauryl sulfate, and hydroxypropyl cellulose, is claimed in one or more claims of the '514 patent.

101.    Thus, the formulation of orally administrable ALECENSA® and, on information and belief, any generic alectinib formulation is covered by one or more claims of the '514 patent, and Plaintiffs have the right to enforce the '514 patent and sue for infringement thereof.

102.    The '514 patent is listed in the Orange Book for ALECENSA®.

103.    On information and belief, if the Fresenius ANDA is approved, Defendants will make, use, offer for sale, sell, or import Fresenius's ANDA Product in a manner that would infringe one or more claims of the '514 patent.

104.    On information and belief, the Fresenius ANDA essentially copies the ALECENSA® Label as required by the FDA, *see* 21 C.F.R. § 314.94(a)(iv), and therefore

23

instructs, recommends, encourages, promotes, and/or suggests that physicians infringe one or more claims of the '514 patent.

105.    On information and belief, if the Fresenius ANDA is approved, prescribers and patients will follow the instructions in the proposed label for Fresenius's ANDA Product and administer Fresenius's ANDA Product in a manner that would infringe one or more claims of the '514 patent.

106.    ALECENSA® and any generic alectinib formulation is not a staple article of commerce, and has no substantial uses that do not infringe one or more claims of the '514 patent.    On information and belief, Fresenius's ANDA Product is not a staple article of commerce, and has no substantial uses that do not infringe one or more claims of the '514 patent.

107.    Defendants have infringed one or more claims of the '514 patent under 35 U.S.C. § 271(e)(2)(A) by virtue of their submission of the Fresenius ANDA to FDA seeking to obtain approval for Fresenius's ANDA Product, which is covered by one or more claims of the '514 patent, prior to the expiration of the '514 patent.

108.    The commercial manufacture, use, offer to sell, sale, distribution, or importation of products under the Fresenius ANDA would infringe directly or contribute to or induce the infringement of one or more claims of the '514 patent under 35 U.S.C. § 271(a), (b), and/or (c).

109.    Plaintiffs seek entry of an order requiring that Defendants amend their Paragraph IV Certification in the Fresenius ANDA to a Paragraph III Certification as provided in 21 C.F.R. § 314.94(a)(12)(viii)(A).

110.    Plaintiffs seek entry of an order declaring that Defendants have infringed one or more claims of the '514 patent by virtue of submitting the Fresenius ANDA pursuant to 35 U.S.C. § 271(e)(2)(A).

111.    Plaintiffs seek entry of an order pursuant to 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of any FDA approval of the Fresenius ANDA be a date that is not earlier than the expiration of the '514 patent or any later expiration of exclusivity for the '514 patent to which Plaintiffs become entitled.

112.    Plaintiffs seek entry of an order declaring that Defendants will infringe one or more claims of the '514 patent by commercially manufacturing, using, offering to sell, selling, distributing, or importing Fresenius's ANDA Product prior to the expiration of the '514 patent under 35 U.S.C. § 271(a), (b), and/or (c).

113.    Plaintiffs will be irreparably harmed if Defendants are not enjoined from infringing or actively inducing or contributing to infringement of one or more claims of the '514 patent.  Pursuant to 35 U.S.C. § 283, Plaintiffs are entitled to a permanent injunction against further infringement.  Plaintiffs do not have an adequate remedy at law.

114.    On information and belief, Defendants' Detailed Statement setting forth the factual and legal bases for their opinion regarding the invalidity of the '514 patent is devoid of an objective good faith basis in either the facts or the law (Defendants' Detailed Statement did not set forth any factual or legal bases regarding unenforceability or noninfringement of any of the claims of the '514 patent).  This case is exceptional and Plaintiffs are entitled to attorneys' fees pursuant to 35 U.S.C. § 285.

115.    To the extent Defendants commercialize Fresenius's ANDA Product, Plaintiffs will also be entitled to damages under 35 U.S.C. § 284.

## IX.   COUNT IV

## (INFRINGEMENT OF THE '214 PATENT)

116.   The allegations above are incorporated herein by reference.

117.   Fresenius Kabi LLC, in concert with Fresenius KGaA and Fresenius Kabi Oncology, filed the Fresenius ANDA under § 505(j) of the FFDCA to obtain approval to commercially manufacture, use, offer to sell, and sell Fresenius's ANDA Product before the expiration of the '214 patent and any extensions thereof.

118.   FDA Form 3542 has been filed to list the '214 patent in the Orange Book. On information and belief, the '214 patent will be listed in the Orange Book for ALECENSA®.

119.   The ALECENSA® Label states that "ALECENSA is supplied as hard capsules containing 150 mg of alectinib (equivalent to 161.33 mg alectinib HCl) and the following inactive ingredients:  lactose monohydrate, hydroxypropylcellulose, sodium lauryl sulfate, magnesium stearate, and carboxymethylcellulose calcium."  Carboxymethylcellulose calcium is also known as carmellose calcium.  Thus, the FDA-approved formulation of ALECENSA® contains carmellose calcium, sodium lauryl sulfate, and hydroxypropylcellulose.

120.   The ALECENSA® Label further states that "ALECENSA (alectinib) is a kinase inhibitor for oral administration."  The hydrochloride salt, as set forth in the ALECENSA® Label, "is described chemically as 9-ethyl-6, 6-dimethyl-8-[4-(morpholin-4-yl)piperidin-1-yl]-11-oxo-6, 11-dihydro-5*H*-benzo[*b*]carbazole-3-carbonitrile hydrochloride" and has the molecular formula $C_{30}H_{34}N_4O_2 \cdot HCl$. The free base form of alectinib is 9-ethyl-6,6-dimethyl-8-[4-(morpholin-4-yl)piperidin-1-yl]-11-oxo-6,11-dihydro-5*H*-benzo[*b*]carbazole-3-carbonitrile and has the molecular formula $C_{30}H_{34}N_4O_2$. As set forth in the ALECENSA® Label, the "molecular weight is 482.62 g/mol (free base form) and 519.08 g/mol (hydrochloride salt)." The chemical structure of the hydrochloride salt is shown below:

26

.

121.    An orally administrable pharmaceutical formulation comprising, among other things, the active ingredient of ALECENSA®, alectinib, as a free base or a salt thereof, in an amount of 150 mg in terms of the free form per unit formulation, as well as carmellose calcium, sodium lauryl sulfate, and hydroxypropylcellulose, is claimed in one or more claims of the '214 patent.  A method for producing such formulation is also claimed in one or more claims of the '214 patent.

122.    Thus, the pharmaceutical formulation of ALECENSA® and, on information and belief, any generic alectinib formulation, and the methods for producing those formulations, are covered by one or more claims of the '214 patent, and Plaintiffs have the right to enforce the '214 patent and sue for infringement thereof.

123.    On information and belief, if the Fresenius ANDA is approved, Defendants will make, use, offer for sale, sell, or import Fresenius's ANDA Product in a manner that would infringe one or more claims of the '214 patent.

124.    On information and belief, the Fresenius ANDA essentially copies the ALECENSA® Label as required by the FDA, *see* 21 C.F.R. § 314.94(a)(iv), and therefore instructs, recommends, encourages, promotes, and/or suggests that physicians and manufacturers infringe one or more claims of the '214 patent.

125.    On information and belief, if the Fresenius ANDA is approved, prescribers and patients will follow the instructions in the proposed label for Fresenius's ANDA Product and administer Fresenius's ANDA Product in a manner that would infringe one or more claims of the '214 patent.

126.    ALECENSA® and any generic alectinib formulation is not a staple article of commerce, and has no substantial uses that do not infringe one or more claims of the '214 patent.    On information and belief, Fresenius's ANDA Product is not a staple article of commerce, and has no substantial uses that do not infringe one or more claims of the '214 patent.

127.    Defendants will infringe one or more claims of the '214 patent under 35 U.S.C. § 271(e)(2)(A) by virtue of their submission of the Fresenius ANDA, including any amendments or supplements thereof, to FDA seeking to obtain approval for Fresenius's ANDA Product, which is covered by one or more claims of the '214 patent, prior to the expiration of the '214 patent.

128.    The commercial manufacture, use, offer to sell, sale, distribution, or importation of products under the Fresenius ANDA would infringe directly or contribute to or induce the infringement of one or more claims of the '214 patent, including claims 1, 5, and 6 under 35 U.S.C. § 271(a), (b), (c) and/or (g).

129.    Plaintiffs seek entry of an order requiring that Defendants provide a Paragraph III Certification as provided in 21 C.F.R. § 314.94(a)(12)(viii)(A) with regard to the '214 patent, including an order requiring Defendants amend, if necessary, any Paragraph IV Certification in the Fresenius ANDA to a Paragraph III Certification.

130. Plaintiffs seek entry of an order declaring that Fresenius Kabi will infringe the '214 patent by virtue of submitting the Fresenius ANDA, including any amendments or supplements thereof, pursuant to 35 U.S.C. § 271(e)(2)(A).

131. Plaintiffs seek entry of an order pursuant to 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of any FDA approval of the Fresenius ANDA be a date that is not earlier than the expiration of the '214 patent or any later expiration of exclusivity for the '214 patent to which Plaintiffs become entitled.

132. Plaintiffs seek entry of an order declaring that Defendants will infringe one or more claims of the '214 patent by commercially manufacturing, using, offering to sell, selling, distributing, or importing Fresenius's ANDA Product prior to the expiration of the '214 patent under 35 U.S.C. § 271(a), (b), (c), and/or (g).

133. Plaintiffs will be irreparably harmed if Defendants are not enjoined from infringing or actively inducing or contributing to infringement of one or more claims of the '214 patent. Pursuant to 35 U.S.C. § 283, Plaintiffs are entitled to a permanent injunction against further infringement. Plaintiffs do not have an adequate remedy at law.

134. This case is exceptional and Plaintiffs are entitled to attorneys' fees pursuant to 35 U.S.C. § 285.

135. To the extent Defendants commercialize Fresenius's ANDA Product, Plaintiffs will also be entitled to damages under 35 U.S.C. § 284.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor against Defendants and grant the following relief:

A. an adjudication that Defendants have infringed directly, contributed to, or induced the infringement of one or more claims of the '931, '922, and '514 patents, and will

directly infringe, contribute to, or induce the infringement of one or more claims of the '214 patent after it is listed in the Orange Book, under 35 U.S.C. § 271(e)(2)(A) by submitting to FDA the Fresenius ANDA, including any amendments or supplements thereof, to obtain approval for the commercial manufacture, use, offer for sale, sale, distribution in, or importation into the United States of Fresenius's ANDA Product before the expiration of the '931, '922, '514, and '214 patents, or any later period of exclusivity to which Plaintiffs are or may become entitled;

B.    a judgment declaring that Defendants will infringe directly, contribute to, or induce the infringement of one or more claims of the '931, '922, '514, and '214 patents under 35 U.S.C. § 271(a), (b), (c) and/or (g) if they market, manufacture, use, offer for sale, sell, distribute in, or import into the United States Fresenius's ANDA Product before the expiration of the '931, '922, '514, and '214 patents, or any later period of exclusivity to which Plaintiffs are or may become entitled;

C.    an order requiring that Defendants amend their Paragraph IV Certification to a Paragraph III Certification as provided in 21 C.F.R. § 314.94(a)(12)(viii)(A);

D.    an order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of the Fresenius ANDA for Fresenius's ANDA Product be a date that is not earlier than the latest date of the expiration of the '931, '922, '514, and '214 patents or any later period of exclusivity to which Plaintiffs are or may become entitled;

E.    a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, affiliates, divisions, subsidiaries, and those persons in active concert or participation with any of them from infringing the '931, '922, '514, and '214 patents, or contributing to or inducing anyone to do the same, including the manufacture, use, offer to

30

sell, sale, distribution, or importation of any current or future versions of the product described in the Fresenius ANDA;

F.    an order enjoining Defendants, their officers, agents, servants, employees, attorneys, affiliates, divisions, subsidiaries, and those persons in active concert or participation with any of them from infringing the '931, '922, '514, and '214 patents, or contributing to or inducing anyone to do the same, including the manufacture, use, offer to sell, sale, distribution, or importation of any current or future versions of Fresenius ANDA product;

G.    an assessment of pre-judgment and post-judgment interest and costs against Defendants, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

H.    an award to Plaintiffs of its attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

I.    such other and further relief as this Court may deem just and proper.

31

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs*
Karen Jacobs (#2881)
Derek Fahnestock (#4705)
Cameron Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
kjacobs@mnat.com
dfahnestock@mnat.com
cclark@mnat.com

*Attorneys for Plaintiffs*
*Hoffman-La Roche, Inc.,*
*Chugai Pharmaceuticals Inc., and*
*Genentech, Inc.*

OF COUNSEL:

Nicholas Groombridge
Eric Alan Stone
Josephine Young
Crystal Lohmann Parker
PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000

Saurabh Gupta
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
2001 K Street, NW
Washington, DC 20006
(202) 223-7300

March 19, 2020

32